UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENNETH FELDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00266-SEB-TAB |
| | ) | |
| VERTEX MODERNIZATION AND SUSTAINMENT LLC, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTIONS**

Plaintiff Kenneth Felder has once again filed a motion to compel against Defendant Vertex Modernization and Sustainment LLC—his fourth such motion in this case. [Filing No. 101.] The Court denied Plaintiff's first three improper motions to compel and cautioned Plaintiff that if he "continues to pursue inappropriate discovery, fails to confer with Defendant to address Defendant's concerns, and returns to this Court with another ill-advised motion to compel, he faces the very real possibility that the Court could order him to reimburse future attorney's fees that he needlessly causes Defendant to incur." [Filing No. 83, at ECF p. 2-3.] Unfortunately, that is exactly what Plaintiff has done.

Plaintiff's latest motion seeks to have the Court "compel nonparty witnesses Shaleen Gupta, Matt Mones, and Kacie Pahl[.]" [Filing No. 101, at ECF p. 1.] Plaintiff references an attached exhibit 3 and exhibit 8, but his electronic filing has no attachments. On March 1, 2022, Plaintiff submitted a subpoena to Gupta. [Filing No. 33.] The Court treated Plaintiff's submission as a motion for issuance of a subpoena and granted it "to the extent that the Clerk

shall send an endorsed but otherwise blank subpoena to Plaintiff along with his copy" of the Court's order.  [Filing No. 40.]  But the Court made clear that it was Plaintiff's responsibility to serve the subpoena on the appropriate person.  Defendant received Plaintiff's notice of intent to serve subpoena on Gupta on March 15, 2022, but did not subsequently receive any additional documents or information regarding the subpoena.  In addition, Plaintiff did not contact Defendant or raise any issues with Gupta's compliance with his subpoena prior to filing the instant motion.

Similarly, on May 12, 2022, the Court granted Plaintiff's request to issue 10 additional subpoenas, though the Court once again noted that it is Plaintiff's responsibility to ensure they are properly served.  [Filing No. 56.]  Plaintiff sent Defendant copies of subpoenas addressed to various individuals on June 1, 2022, but Defendant did not receive any additional documents or information concerning Plaintiff's subpoenas directed to those individuals.  And Plaintiff once again did not contact Defendant's counsel or raise any issues concerning anyone's compliance with his subpoenas.  Instead, Plaintiff waited more than seven months after the discovery cutoff and more than five months after Defendant's dispositive motion to address these issues with his April 2023 motion to compel, which provides no reason or justification for his delay.

Although Federal Rule of Civil Procedure 37 does not place a " 'time limit on the outside date for the filing of a motion to compel discovery,' " *Gibson v. Indiana State Pers. Dep't*, No. 1:17-cv-01212-JPH-TAB, 2019 WL 2411330, at *1 (S.D. Ind. June 7, 2019) (*quoting Wine & Canvas Dev. LLC v. Weisser*, No. 1:11-cv-01598-TWP-DKL, 2014 WL 585406, at *1 (S.D. Ind. Feb. 14, 2014)), "[c]ourts commonly deny motions to compel that are filed after the close of discovery, especially where the movant does not have a valid excuse for the failing to bring the motion earlier." *Geng v. Spencer*, No. 1:19-cv-03139-JPH-MPB, 2020 WL 4557752, at *5 (S.D.

2

Ind. Aug. 6, 2020). Plaintiff provides no justification for his seven-month delay in seeking to compel the non-parties' compliance with subpoenas served in March and June 2022. Further, Plaintiff did not notify or communicate any concerns with Defendant's counsel, and he did not identify any efforts he made to resolve informally the issues with each non-party, as Federal Rule of Civil Procedure 37 requires. Therefore, Plaintiff's motion [Filing No. 101] is denied.

Plaintiff also "petitions the court to have Shanetta Pickens' public record/resume enter [sic] in as evidence[.]" [Filing No. 101, at ECF p. 1.] Rule 37 does not contemplate a Court ruling on the admissibility of evidence. Moreover, now is not the time to ask the Court to authenticate and accept evidence into the record. Even if it were, Plaintiff has not demonstrated the authenticity or admissibility of the evidence he asks the Court to admit. Plaintiff has not shown Pickens' information is a public record under Federal Rule of Evidence 901(b)(7). Thus, he needed to authenticate the information through some other means, but he failed to do so. Accordingly, Plaintiff's motion is denied for these reasons as well.[1]

Finally, Defendant argues that it is entitled to an award of attorney's fees for having to respond to yet another baseless motion from Plaintiff. The Court declined to award Defendant its fees in the last order on Plaintiff's motion to compel. [Filing No. 83.] However, as noted above, the Court cautioned Plaintiff at that time that if he continued to seek improper discovery, he faced the real possibility that the Court could order him to reimburse Defendant's attorney's fees in the future. [Filing No. 82, at ECF p. 2-3.] By filing this latest motion, Plaintiff ignored the Court's earlier warning and caused Defendant to incur unnecessary expenses to respond to his baseless motions. Thus, Plaintiff has 14 days to show cause as to why attorney's fees should not

---

[1] Plaintiff filed a similarly improper and baseless "Motion" petitioning the Court to "admit evidence, the evidence contained in Records of plaintiff's resume (s) and educational materials related, and relevant facts[.]" [Filing No. 100.] This motion is also denied.

3

be awarded to Defendant for having to expend time and resources to respond to Plaintiff's latest improper filing.

Date: 5/24/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

KENNETH FELDER
3818 Carey St.
East Chicago, IN 46312

4