# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

April 30, 2024

To: Roger A. G. Sharpe
UNITED STATES DISTRICT COURT
Southern District of Indiana
United States Courthouse
Indianapolis, IN 46204-0000

| | |
|---|---|
| No. 23-2280 | KENNETH FELDER,<br>        Plaintiff - Appellant<br><br>v.<br><br>VERTEX MODERNIZATION AND SUSTAINMENT, LLC,<br>        Defendant - Appellee |
| No. 23-2444 | KENNETH FELDER,<br>        Plaintiff - Appellant<br><br>v.<br><br>VERTEX MODERNIZATION AND SUSTAINMENT, LLC,<br>        Defendant - Appellee |
| **Originating Case Information:** | |
| District Court No: 1:21-cv-00266-SEB-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Sarah Evans Barker | |
| **Originating Case Information:** | |
| District Court No: 1:21-cv-00266-SEB-TAB<br>Southern District of Indiana, Indianapolis Division<br>Clerk/Agency Rep Roger A. G. Sharpe<br>District Judge Sarah Evans Barker | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A

certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:               No record to be returned

form name: **c7_Mandate**   (form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

April 8, 2024

Before

FRANK H. EASTERBROOK, *Circuit Judge*
AMY J. ST. EVE, *Circuit Judge*
CANDACE JACKSON-AKIWUMI, *Circuit Judge*

| | |
|---|---|
| Nos. 23-2280 & 23-2444 | KENNETH FELDER,<br>        Plaintiff - Appellant<br><br>v.<br><br>VERTEX MODERNIZATION AND SUSTAINMENT, LLC,<br>        Defendant - Appellee |
| **Originating Case Information:** | |
| District Court No: 1:21-cv-00266-SEB-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Sarah Evans Barker | |

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

Clerk of Court

form name: **c7_FinalJudgment**   (form ID: **132**)

> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted April 4, 2024[*]
Decided April 8, 2024

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

CANDACE JACKSON-AKIWUMI, *Circuit Judge*

Nos. 23-2280 & 23-2444

| | |
|---|---|
| KENNETH FELDER, *Plaintiff-Appellant*, | Appeals from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| v. | No. 1:21-cv-00266-SEB-TAB |
| VERTEX MODERNIZATION AND SUSTAINMENT LLC, *Defendant-Appellee*. | Sarah Evans Barker, *Judge*. |

**O R D E R**

Kenneth Felder appeals the summary judgment rejecting his claims that he was twice denied employment because of his age, race, and disability. The district court ruled that Vertex was entitled to summary judgment on Felder's claims because he

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Nos. 23-2280 & 23-2444                                                              Page 2

failed to exhaust his administrative remedies regarding one incident and did not present evidence of discrimination as to the other. We affirm.

We construe the facts and draw all reasonable inferences in favor of Felder, the nonmoving party. *Barnes-Staples v. Carnahan*, 88 F.4th 712, 715 (7th Cir. 2023). In April 2020, Felder first interviewed to work as an electronics assembler at Raytheon's Indianapolis location.[1] After he was offered the position, Felder provided personal information (including his birthdate) in the onboarding process. Raytheon, however, soon rescinded its offer based on its purported determination that the work it had hired Felder to perform would take place outside Indiana. Believing that Raytheon based this decision on his age and race, Felder filed charges with the Equal Employment Opportunity Commission against both Raytheon and the third-party staffing service Raytheon used. The EEOC issued letters—informing him of the dismissal of his claims and his right to sue—that corresponded with each of these charges.

In January 2021, Felder interviewed for another electronics-assembler position that had opened at Raytheon's Indianapolis site. Near the conclusion of his interview, Felder acknowledged an arthritic condition that intermittently flared up but would not significantly affect his ability to perform the work. Raytheon ultimately filled the position by hiring two other candidates, who were, in Raytheon's view, better qualified. Felder again filed a charge of discrimination with the EEOC, this time against only Raytheon, and he received another letter informing him that his claim had been dismissed but that he could sue Raytheon on his own.

Felder then filed his suit in federal court, alleging that he was twice not hired on the basis of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634; race and gender, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; and disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101–12213. The district court screened his complaint and dismissed his claims of racial and gender discrimination but allowed Felder to proceed on his theories of age and disability discrimination.

Discovery ensued. Felder submitted multiple interrogatories and requests for production to Vertex, and he attempted to serve subpoenas on non-party witnesses. When those efforts failed to yield the evidence that he believed existed, he filed repeated motions to compel against both Vertex and non-party witnesses. The court

---

[1] Vertex acquired parts of Raytheon's business, including the operations to which Felder applied for employment, effective December 6, 2021.

Case 1:21-cv-00266-SEB-TAB   Document 125   Filed 04/30/24   Page 6 of 7 PageID #: 1124
Case: 23-2280   Document: 00714374546   Filed: 04/30/2024   Pages: 4

Nos. 23-2280 & 23-2444                                                                        Page 3

rejected the motions, explaining that he had not shown that he made an effort to informally resolve the discovery disputes, as required by Rule 37(a) of the Federal Rules of Civil Procedure.

The district court then granted Vertex's motion for summary judgment. As to the April 2020 hiring incident, the district court determined that Felder had failed to exhaust his administrative remedies because the EEOC charge he supplied was unsigned, undated, and otherwise lacking any indication of receipt by the EEOC. Regarding Felder's January 2021 candidacy, the district court concluded under *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765–66 (7th Cir. 2016), that Felder had not shown sufficient evidence to infer discrimination because Vertex had offered a legitimate, non-discriminatory reason why Raytheon hired two other candidates over him—their superior experience working with engineers and in production environments.

On appeal, Felder first challenges the district court's conclusion regarding the April 2020 job offer that he failed to exhaust his administrative remedies. He maintains that he filed two distinct EEOC charges, one against Raytheon and one against the third-party staffing service. And in his reply brief, he asserts that the court overlooked his right-to-sue letter, which he had attached to his complaint.

Even if we assume that Felder exhausted his administrative remedies regarding this claim, he cannot prevail on the merits. "There is no necessary priority among non-jurisdictional reasons for rejecting a suit or claim," *Estremera v. United States*, 724 F.3d 773, 775 (7th Cir. 2013), and here the merits are straightforward. Felder argued in the district court that Raytheon rescinded its offer to him only after learning of his age. But he offered no evidence to call into question Vertex's explanation that Raytheon withdrew all ten electronic-assembler job offers because the anticipated work no longer was going to be placed in Indiana. Under such circumstances, no reasonable juror could infer any causal link between Felder's age or disability and the recission of his offer. *See Gnutek v. Illinois Gaming Bd.*, 80 F.4th 820, 824 (7th Cir. 2023) (citing *Ortiz*, 834 F.3d at 765–66).

Second, Felder contests the district court's conclusion that no reasonable jury could find that Raytheon discriminated against him in January 2021 by hiring other candidates whom he deems less qualified. But as the district court noted, Felder's own opinion about his qualifications—compared to others'—is not evidence of discrimination unless the comparison is so favorable to him that no reasonable person would choose not to hire him. *See Robertson v. Dep't of Health Servs.*, 949 F.3d 371, 381 (7th Cir. 2020). Raytheon never stated that Felder was not well-qualified; it decided that

Case 1:21-cv-00266-SEB-TAB   Document 125   Filed 04/30/24   Page 7 of 7 PageID #: 1125
Case: 23-2280   Document: 00714374546   Filed: 04/30/2024   Pages: 4

Nos. 23-2280 & 23-2444                                                                 Page  4

the relevant experience of the two individuals it hired rendered them better candidates. This is a valid, non-discriminatory reason for declining to hire a plaintiff. *See Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 721 (7th Cir. 2021).

      Finally, Felder generally challenges the district court's denial of his motions to compel. But district courts have broad discretion in managing discovery, *Alicea v. County of Cook*, 88 F.4th 1209, 1218 (7th Cir. 2023), and here the court appropriately justified each of its rulings. The court noted, for instance, that Felder did not state that he conferred with Vertex, failed to identify what relevant evidence Vertex was withholding, and incorrectly attempted to serve interrogatories on non-parties. To the extent Felder highlights documents in Vertex's extensive appendix that he says were not disclosed before he took this appeal, the record reflects that Vertex timely disclosed the requested evidence and attached it in documented emails.

                                                                                         AFFIRMED